**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CLYDE WILLIAMS, | ) |
|                Plaintiff, | ) |
| v. | ) Case Number CIV-06-210-C |
| UNITED PARCEL SERVICE, INC., | ) |
|                Defendant. | ) |

## MEMORANDUM OPINION

Now before the Court is a Motion to Remand a Removed Action to State Court, filed by Plaintiff Clyde Williams (Williams). Defendant United Parcel Service, Inc. (UPS) filed a response, thus the motion is ripe for disposition. The Court, upon consideration of the litigants' submissions and the applicable law, now **DENIES** Williams' motion.

### BACKGROUND

Williams originally filed his petition in the District Court of Comanche County, State of Oklahoma, alleging that UPS wrongfully terminated him in violation of Oklahoma's Standards for Workplace Drug and Alcohol Testing Act. Williams alleges he suffered damages as a result of UPS's actions and seeks, inter alia, back pay, lost benefits payments, and attorney fees. UPS timely removed the suit to federal court on the basis of the diversity statute—28 U.S.C. § 1332. Williams now moves the Court to remand the action to state

court and asserts that the Court lacks subject matter jurisdiction because the requisite amount in controversy is not met.

## DISCUSSION

Williams does not dispute that the litigants are of diverse citizenship. The core issue in dispute is whether the requisite amount is in controversy, thus establishing subject matter jurisdiction via the diversity statute. Williams proffers three arguments in support of his motion: that UPS's calculation of total lost wages is erroneous as he earned income from other jobs, thereby reducing his lost wages claim beneath the jurisdictional amount; that he is not seeking punitive damages; and that 28 U.S.C. § 1441(c) grants the Court discretionary power to remand the action as his claim is solely based upon state law. In response, UPS makes four contentions: that Williams never stipulates that he is seeking less than the jurisdictional amount; that his calculation of the jurisdictional amount fails to include all damage claims; that his damages continue to accrue; and that § 1441(c)'s grant of discretionary power is inapplicable to the instant action.

Diversity jurisdiction is, by Congress's intent, a restrictive form of federal jurisdiction; to effectuate this intent, removal statutes are construed narrowly by the Court. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001). For removed cases, the presumption is against removal jurisdiction. Id. at 1289. Consequently, "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Id. at 1290 (quoting Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)).

The existence of the Court's subject matter jurisdiction is determined at the time Williams filed his petition in state court. Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 390 (1998). The litigants may neither waive subject matter jurisdiction nor confer it upon the Court in any manner. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Indeed, within the context of a removed action, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

UPS bears the burden of demonstrating that the requisite amount in controversy is met as it originally invoked the Court's jurisdiction. Martin, 251 F.3d at 1290. Normally, the jurisdictional amount may be established on the face of either Williams' petition or UPS's notice of removal. Id. Here, Williams' petition does not specify the amount of damages in accordance with the Oklahoma Pleading Code. See 12 Okla. Stat. § 2008(A)(2). Therefore, Defendant must plead sufficient underlying facts in the notice of removal to affirmatively establish the jurisdictional amount; that is, at a minimum, the jurisdictional amount must be shown by a preponderance of the evidence. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995); see Martin, 251 F.3d at 1290. Accord Karnes v. Boeing Co., 335 F.3d 1189, 1194 (10th Cir. 2003).

Contrary to Williams' first and second arguments, the Court finds that the jurisdictional amount is affirmatively established on the face of the notice of removal. Given Williams' failure to stipulate that his total damages claim is less than the jurisdictional amount, the potential amount of lost wages alone is in excess of $100,000.00. (See Def.'s

Notice of Removal, Dkt. No. 1, at 3.)  Whether Williams mitigated damages by obtaining gainful employment, and by what amount he mitigated damages, are facts to be determined by the trier of fact.  Even if the Court were to construe Williams' argument that the amount of lost wages is $67,128.00 as a stipulation of fact, his argument would still fail.  It is not at all unreasonable to conclude that Williams' claims for lost benefits and attorney fees under 40 Okla. Stat. § 563 would be greater than $7,872.01, thus pushing the total amount of his damages beyond the jurisdictional amount.  <u>Missouri State Life Ins. Co. v. Jones</u>, 290 U.S. 199, 202 (1933) (authorizing the jurisdictional amount calculation to include a reasonable estimate of attorney fees where fee-shifting statute allows plaintiff to recover attorney fees); <u>see</u> <u>Miera v. Dairyland Ins. Co.</u>, 143 F.3d 1337, 1340 (10th Cir. 1998); Def.'s Notice of Removal, Ex. 3, at 2, ¶ 16 (revealing Williams' damages claim to include lost benefits and attorney fees).

      Last, Williams misreads § 1441(c)'s grant of discretionary power to the Court.

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

§ 1441(c).  This provision concerns an action removed under the federal question statute; therefore, § 1441(c) is inapplicable to this action.

### CONCLUSION

      UPS's notice of removal affirmatively establishes that the litigants are of diverse citizenship and that the requisite jurisdictional amount is in controversy.  UPS properly

removed this action to federal court as subject matter jurisdiction exists under the diversity statute. Consequently, Williams' Motion to Remand a Removed Action to State Court [Dkt. No. 18] is **DENIED**.

IT IS SO ORDERED this 1st day of May, 2006.

/s/ Robin J. Cauthron
ROBIN J. CAUTHRON
United States District Judge